CHARLES E. DAVENPORT & another *vs.* INHABITANTS
OF HYDE PARK. .

Norfolk.   November 20, 1900. — April 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A petitioner seeking to recover damages alleged to have been suffered by him from
a change of grade in a street made under St. 1896, c. 257, requiring the altera-
tion of certain grade crossings in Hyde Park and Dedham, cannot testify what
effect, if any, the change of grade had upon the view from his house, if his land
was too far away to make it a practical question.  Nor can he claim damages
on the ground that the change of grade made it impossible to haul as heavy
loads over the street as before, such damage not being special and peculiar.  The
petitioner could have described the amount of the increased flow of surface water
upon his land and the damage if any caused thereby, in case such increased flow
of water had existed.

PETITION precisely similar to that in the preceding case of
*Davenport v. Dedham*, except that the respondent herein was the
town of Hyde Park, filed May 19, 1898.

In the Superior Court the case was referred to the same audi-
tor and tried before the same judge as *Davenport v. Dedham.*
The judge ordered a verdict for the respondent; and the peti-
tioners alleged exceptions.  The questions raised by the excep-
tions are stated in the opinion of the court.

*W. H. Powers*, for the petitioners.

*J. H. Benton, Jr.*, for the respondent.

HAMMOND, J.   The auditor found substantially as in the case
of *Davenport v. Dedham, ante*, 382, that the damage sustained
by the alteration of the grade of the street did not differ in kind
though it may differ in degree from the damage sustained by the
public generally who may have occasion to use the street, and
ruled that for such damage the petitioners could not recover, and
found for the respondent.  See *Davenport v. Dedham, ubi supra.*

At the trial in the Superior Court the petitioners put in the
auditor's report, and Charles E. Davenport, one of the petition-
ers, took the stand as a witness.  He was asked what effect, if
any, the change of grade had upon the view from his house.  We
think the question was properly excluded.  Manifestly the land

was too far away to make that a practical question. He was then asked whether the alteration in the grade caused any surface water to flow upon his land, and after answering " Not in that way," he finally said " Yes." He was not asked to state to what extent, if any, he was damaged or interrupted in his business, and it is obvious that the real claim of the petitioners was not for a damage by some possible flow of water upon his land one hundred and thirty feet from where the change of grade began, but was the claim made before the auditor that the change of grade rendered it impossible to haul as heavy loads over it as before. This is shown by the whole course of the examination. The estimates given by the witness of the depreciation of the value of the land all manifestly include this element of damage, and therefore throw no light upon the real question before the jury. The petitioners could have described the amount of the increased flow of surface water upon their land, and the damage, if any, caused by the flow, but no attempt of the kind was made, and we do not think that the evidence introduced was definite enough to control the finding of the auditor.

*Exceptions overruled.*