S. MARIA BAILEY *vs.* BOSTON AND PROVIDENCE RAILROAD CORPORATION.

WILLIAM J. JOHNSON & others *vs.* SAME.

Suffolk.   November 19, 1902. — February 24, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Damages*, From construction of railroad.

In assessing damages to real estate from the construction of a railroad, loss to business as business is too remote and consequential a damage to be allowed.

In assessing damages to real estate from the construction of a railroad, interference with the use of the petitioner's property for about twelve months, while the work of construction was going on and properly incident thereto, may be

considered by the jury, so far as the interference diminished the rentable value of the property, or its value for the uses to which it was adapted, and so far as the damage was special and peculiar as distinguished from that suffered in greater or less degree by the public generally.

TWO PETITIONS, dated respectively December 16, 1898, and March 6, 1899, the first for damages for the taking of land of the petitioner at the corner of Harrison Avenue and Way Street in Boston by the respondent railroad company on March 17, 1898, under the provisions of St. 1896, c. 516, and the second for damages to the lessees of the premises from the taking above named and from the laying out, construction and maintenance of the road of the respondent under the provisions of the above named act.

In the Superior Court the two cases were sent to an auditor and heard together before him, and later were tried together before *Sheldon*, J. At the trial it appeared, that by the construction of the respondent's railroad the petitioners in the second case for a period of about twelve months, beginning on or about May 1, 1898, were put to an actual expense of $1,214 in handling their goods, that sum representing expenditures made by them in carrying goods by hand for delivery to and from their factory, made necessary by the shutting off of access by teams to and through Way Street, and for a portion of the time to and through Harrison Avenue; and that the volume of their business was so lessened during this period by the work of construction as to cause them a further money loss of $1,500.

The judge instructed the jury that the items of $1,214 and $1,500 were not recoverable as a matter of law, and such damages were excluded from the consideration of the jury in making up their verdict. The jury in the first case returned a verdict for the petitioner Bailey in the sum of $11,160, and in the second case returned a verdict for the petitioners William J. Johnson and others in the sum of $6,614.73. At the request of the petitioners in the second case, the judge reported the cases for determination by this court. If the items of $1,214 and $1,500, or either of them, were recoverable as damages in these proceedings, the verdict rendered for the petitioners William J. Johnson and others was to be increased in the sum of that item or items, with interest thereon from June 1, 1898, and judgment

was to be entered thereon; otherwise, judgment was to be entered on the verdict, and judgment satisfied.

The case was argued at the bar in November, 1902, and afterwards was submitted on briefs to all the justices.

*W. A. Munroe,* (*H. H. Sprague & A. H. Chamberlain* with him,) for Johnson and others.

*J. H. Benton, Jr.,* for the respondent.

KNOWLTON, C. J.   The principles of law applicable to these cases have long been well established in this Commonwealth, whatever difficulties may have arisen in the application of them. Under statutes like that before us, in the absence of any peculiar provision, persons damaged in their real estate are to receive compensation for all such damages as are direct and proximate, as distinguished from those that are remote and consequential, if they are, at the same time, special and peculiar as distinguished from common and general.   When real estate is used in carrying on a business, the damage to be assessed for the diminution in value of the real estate is estimated in reference to the uses to which it is adapted, and not for loss in the business.   *Maynard* v. *Northampton,* 157 Mass. 218.   *Edmands* v. *Boston,* 108 Mass. 535.   *Williams* v. *Commonwealth,* 168 Mass. 364.   *New York, New Haven, & Hartford Railroad* v. *Blacker,* 178 Mass. 386.

Loss to business as business is too remote and consequential a damage to be allowed in estimating damage to the real estate on which it is conducted.   Nor does it furnish a correct criterion by which to determine the diminution in value of the estate for the uses to which it is adapted.   The business might chance to be exceedingly profitable at the time of the taking, so that an interruption of it from an interference with the full use of the real estate might cause a loss far greater than the reasonable rentable price of the property, or it might then be going on at a loss, so that the interruption would cause no damage to the business, notwithstanding that the interference with the use of the real estate was such as would cause a great diminution of its rentable value.

In these cases there was an interference with the use of the petitioner's property for about twelve months.   So far as this interference diminished its rentable value, or its value for the

uses to which it was adapted, and so far as the damage was special and peculiar, as distinguished from that suffered in greater or less degree by the public generally, it was an element properly to be considered by the jury. The fact that it continued only while the work of construction was going on, if it was properly incident to the construction, is immaterial. *Edmands* v. *Boston*, 108 Mass. 535, 549. *Penney* v. *Commonwealth*, 173 Mass. 507.

In the form in which the items are stated, one being for money paid for handling goods which could not be taken by teams on account of the work of construction, and the other being for a money loss to the business from diminution in its volume, it is plain that the jury were rightly instructed that they were not recoverable. In the first place they both appear to be for expense or loss in the business, and therefore they were not recoverable. Consequently, if we interpret the language strictly, and if we consider whether the items represent in whole or in part diminution in the value of the real estate for use, it would appear that the shutting off of access referred to was only access through the streets as lines of travel, which was an interference affecting in greater or less degree the whole public, and so not a special and peculiar damage, but only a general damage for which there can be no recovery. If the damage was caused by shutting off access to the street, as distinguished from access through each of the neighboring streets, the damage may be special and peculiar. See *Davenport* v. *Dedham*, 178 Mass. 382 ; *Davenport* v. *Hyde Park*, 178 Mass. 385.

There was a difference of understanding between counsel at the argument, as to whether the jury were permitted to give damages for diminution of the value of the property for use, caused by the obstructions which were special and peculiar, as distinguished from the interference with the use of the street in its longitudinal course by the general public. There is some uncertainty as to the construction to be given to this part of the report, and we are of opinion that the report should be discharged and the Superior Court left to enter the judgment prescribed by the report, or to grant a new trial, as justice requires.

*So ordered.*