ALFRED N. WHITING vs. COMMONWEALTH.

Worcester. September 30, October 1, 1907. — November 26, 1907.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Metropolitan Water Act. Constitutional Law. Eminent Domain.*

One, who on April 1, 1895, was the treasurer and general manager of a manufacturing corporation owning and operating two cotton mills at West Boylston receiving a salary of $2,500 a year, and had well grounded and reasonable expectations of continuing in his position, is not a person who on the day named owned an established business on land in the town of West Boylston within the meaning of § 14 of St. 1895, c. 488, providing for a metropolitan water supply, and therefore is not entitled to recover for the decrease in value of such business by the carrying out of the act.

St. 1896, c. 450, § 4, providing that no stockholder of any corporation whose plant is taken on account of a reservoir for the metropolitan water supply shall be entitled to compensation under that act, the other sections of which provide compensation for certain residents of the town of West Boylston deprived of employment on account of such a reservoir, is not unconstitutional on the ground that it creates an arbitrary and unjust discrimination against such a stockholder who also is an employee.

Loss of business is not an element of damage in a taking by the right of eminent domain unless made so by statutory provision, and there is nothing unconstitutional in a statute which provides that one whose property is taken for a certain public purpose shall not recover damages for loss of business although persons differently situated are allowed to recover such damages.

PETITION filed in the Supreme Judicial Court on February 21, 1900, and amended on July 2, 1902, under St. 1895, c. 488, § 14, alleging that on April 1, 1895, the petitioner was the owner of an established business on land in the town of West Boylston as the treasurer and general manager of the L. M. Harris Manufacturing Company, that such business was decreased greatly in value by the carrying out of the metropolitan water supply act by loss of custom and otherwise, and that the petitioner was unable to agree with the board of commissioners as to the amount of the damages to be paid for such injury.

The case came on to be heard before *Rugg*, J., who, by agreement of the petitioner and the Attorney General, reserved it for determination by the full court.

*W. H. Whiting*, for the petitioner.

*F. T. Field*, Assistant Attorney General, for the defendant, was not called upon.

MORTON, J.    The plaintiff was the treasurer and general manager of the L. M. Harris Manufacturing Company, a corporation owning and operating two cotton mills at West Boylston, and engaged in the manufacture of various kinds of cotton goods and of cotton yarn.   He was also clerk of the corporation, and a director and stockholder.   As treasurer and general manager he made all purchases and sales, superintended the manufacture of all goods, and attended to the financial affairs of the company.   His whole time was thus occupied.   For his services as treasurer, general manager and clerk, he received a salary equal to $2,500 a year.   He had been treasurer, general manager and clerk, by successive annual re-elections, since the corporation was formed in 1890, and was acting as such at the time of the taking by the Commonwealth in February, 1898, of the real estate and machinery of the corporation for the purposes of the metropolitan water act.   He had been superintendent and general manager for many years before the corporation was formed.   The commissioners found that he had reasonable grounds to expect that he would be continued in his position as treasurer, general manager and clerk so long as he was able to perform the work required of him, the stock all being held by himself and his family and relatives, and his management having been successful and satisfactory.

The question is whether the petitioner owned an established business on land in West Boylston on April 1, 1895.   We do not see how it can be said that he did.   He had no business except that which he did for the corporation as clerk and treasurer and general manager thereof.   That could be spoken of, no doubt, as, in a sense, his business, meaning thereby his occupation or employment.   But, though the circumstances were such as apparently to insure to him a certain degree of permanency in his tenure of the offices to which he had been elected, it cannot be said in any fair sense of the words that by reason thereof he owned an established business on land in West Boylston.   The business which he did was the corporation's business and it was carried on by the corporation through its officers, agents and

servants on premises belonging to it. If the petitioner's contention were sound, it would follow that every clerk, servant or agent of a person, firm or corporation having an established business on land in West Boylston, who had been in the service of his employer for a considerable length of time, and who had well grounded and reasonable expectations of continuing therein, owned an established business on land in West Boylston and was entitled to recover damages for any injury thereto caused by the carrying out of the act under which this petition is brought. We find no warrant for such a construction either in the act itself, or in subsequent legislation.

The petitioner contends that unless the construction for which he argues is given to the statute, § 4 of c. 450, St. 1896, providing that no stockholder in any corporation whose plant is taken on account of a reservoir for the metropolitan water supply shall be entitled to compensation under that act, is unconstitutional, on the ground, as we understand him, that it would constitute an arbitrary and unjust discrimination against a stockholder who might also be an employee. But an employee as such is not entitled to damages for the loss of employment. And the Legislature might well provide that one who is a stockholder and as such entitled to receive compensation for the taking of the property of the corporation shall not be entitled to recover damages for loss of employment. Loss of business is not, generally speaking, an element of damage in a taking by right of eminent domain (*Bailey* v. *Boston & Providence Railroad*, 182 Mass. 537), and there is, therefore, nothing unconstitutional in an act which provides that one whose property is taken shall not recover damages for loss of business, even though parties differently situated are allowed to recover therefor.

*Judgment for the Commonwealth.*