347 P.2d 996

**L. C. FARRIS and Littie M. Farris, husband and wife, Plaintiffs-Appellants,**

**v.**

**CITY OF TWIN FALLS, a municipal corporation, Constance J. Leiser, City Clerk, Joe M. Latimore, City Manager, J. Ted Davis, Chairman of the Board of Commissioners, and Howard H. Burkhart, Chester A. Larsen, J. M. Norfleet, W. A. Ostrander, Vernon Riddle, and John J. Wolfe, City Commissioners, Defendants-Respondents.**

**No. 8744.**

Supreme Court of Idaho.

Dec. 22, 1959.

584

May & May, Twin Falls, for appellants.

Wm. J. Langley, Twin Falls, for respondents.

KNUDSON, Justice.

The material allegations of plaintiffs' complaint are that appellants are the owners of a lot abutting Washington Street North within the city of Twin Falls, Idaho upon which is located appellants' dwelling with full basement, landscaped grounds, a garage and a driveway. That such improvements were, prior to 1957, constructed to conform with the level of said Washington Street North. That during 1957 respondent

city of Twin Falls constructed a curb and raised the level of said Washington Street approximately eight inches above its previous level. That such curb was placed on said street without due regards to plaintiffs' rights and was constructed in a negligent and unworkmanlike manner; that the methods of surveying and construction employed in raising the level of said street were contrary to those used in projects of like character; that such construction was unnecessary and was arbitrarily done by respondent city; that such construction constitutes an obstruction to the entrance of appellants' premises. The complaint further alleges that by reason of said construction appellants have been damaged in the sum of $6000.00; that appellants regularly filed with the Clerk of respondent city an official claim for property damage in the amount of $6000.00 which claim has been rejected.

To said complaint respondents filed a general demurrer alleging the failure to state facts sufficient to constitute a cause of action and a special demurrer alleging defect and misjoinder of parties defendant. Respondents also filed a motion to strike the following underscored portion of paragraph I of the complaint alleging improper joinder of defendants, to-wit:

"I

"That the Defendant is a municipal corporation, duly created and organized under Chapter 43, Idaho Code, and is operating under and by virtue of the laws of said State of Idaho; *that the Defendant, Constance J. Leiser, is the City Clerk of said Defendant city; that the Defendant Joe H. Latimore, is the City Manager of said Defendant city; that the Defendant, J. Ted Davis, is the Chairman of the Board of Commissioners of said Defendant city; that Howard H. Burkhart, Chester A. Larsen, J. M. Norfleet, W. A. Ostrander, Vernon Riddle, and John J. Wolfe, are the City Commissioners of said Defendant City.*"

Under said motion respondents also moved to strike the following underscored portion of paragraph IV of the complaint alleging it to be irrelevant and having no bearing on the cause of action, to-wit:

"IV

"That during the summer and fall of the year 1957, the Defendant City *without giving to the Plaintiffs any notice of its intention so to do, and without having appointed appraisers to appraise the damages or benefit by reason thereof which did result to the Plaintiffs, and without agreeing or attempting to agree with the Plaintiffs with reference thereto, and without paying or offering to pay to the Plaintiffs the damages they did suffer to said premises by reason thereof,* did enter upon the said Washington Street North in Defendant City

and did construct a curb and did raise the level of said Washington Street North approximately 8 inches above its previous level; that by constructing the said curb and raising the level of said street, as aforesaid, Plaintiff's buildings, grounds and premises are now approximately 8 inches lower than the level of said street."

The trial court sustained both the general and special demurrers and granted the motion to strike. Appellants appeal from the court's action in sustaining the general demurrer and in granting the motion to strike a portion of paragraph IV of the complaint.

█ Appellants have specified two assignments of error, one of which is the trial court's action in sustaining respondents' general demurrer, which assignment we shall first consider.

The salient question here presented is whether an impairment of access to residential property constitutes a taking of property as referred to in §§ 13 and 14, Art. I, Idaho Constitution. Said sections of the Idaho Constitution provide:

"No person shall * * * be deprived of life, liberty or property without due process of law." § 13, Art. I.

"Private property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor." § 14, Art. I.

Plaintiffs by their complaint allege that their right to ingress and egress has been obstructed and violated by the construction referred to. In Village of Sandpoint v. Doyle, 14 Idaho 749, 95 P. 945, 947, 17 L.R.A.,N.S., 497, this Court said:

"While the public generally may have no special or particular interest in the right of ingress to any particular lot owner's property, the lot owner has a very material and special interest in having the public reach his property and place of business, and in his right to go and come and carry on business and invite the public to his place of business. It has been held by the court that to cut off this right of ingress and egress would be to take the lot owner's property without due process of law."

See also Knowles v. New Sweden Irr. Dist., 16 Idaho 217, 101 P. 81, 86, wherein this Court said:

"Any destruction, interruption or deprivation of the common, usual and ordinary use of property is by the weight of authority a taking of one's property in violation of the constitutional guaranty."

Access to a public way is one of the incidents of ownership of land bounding thereon. Such right is appurtenant to the land and is a vested right of which the lot owner cannot be deprived without just

compensation (Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353).

The most recent case decided by this Court involving a similar question is Hughes v. State, 80 Idaho 286, 328 P.2d 397, 402, wherein it is stated:

"Our review of Idaho's Constitution, statutes and decisions, clearly shows that the power of eminent domain extends to every kind of property taken for public use, including the right of access to public streets, such being an estate or interest in and appurtenant to real property; and since such right of access constitutes an interest in, by virtue of being an easement appurtenant to, a larger parcel, the court, jury or referee *must ascertain and assess* the damages which will accrue to the portion not sought to be condemned by reason of the severance of the portion—the right of access—sought to be condemned, and the construction of the improvement. I.C. sec. 7–711.

"We therefore hold that appellants' allegedly destroyed right of business access to their business property, if such be proven, constituted a taking of their property, whether or not accompanied by a taking of physical property, and constituted an element of damage, as does also any element of al- leged taking of their physical property, which must be ascertained and assessed in accordance with the legislative mandate of I.C. sec. 7–711."

In said Hughes case business property was involved whereas in the instant case we are concerned with residential property. The use to which the property is put does not affect the constitutional rights involved. Appellants having alleged, among other things, that respondent city caused to be constructed an obstruction to the entrance to their property and that by reason thereof the reasonable market value of such property has been damaged and decreased, the complaint states a cause of action and it was reversible error to sustain the general demurrer.

█ Appellants, in their brief, have devoted some time in discussing the importance of their allegation to the effect that as a result of the action of respondent city "the natural drainage for surface water leading off appellants' premises has been destroyed". It is not clear if appellants contend that such wording amounts to an allegation of partial "taking" as mentioned in Renninger v. State, 70 Idaho 170, 213 P.2d 911, or whether they discuss it only as a proper allegation of consequential damage. Having concluded that this cause must be remanded for trial it is unnecessary to discuss said allegation other than to

mention that if such allegation be proven and it is found that such fact bears upon the actual value of the property involved it is a proper element to be considered in determining the damage, if any, which has resulted to appellants.

Appellants also assign as error the trial court's action in granting respondents' motion to strike a portion of paragraph IV of the complaint. This action is predicated upon the theory of inverse condemnation as recognized in Renninger v. State, supra, and Hughes v. State, supra. The allegations ordered stricken are material allegations to an action prosecuted upon such theory as distinguished from material allegations in tort actions generally. It was error to order such allegations stricken.

The order of the trial court striking a portion of paragraph IV of the complaint and its order sustaining respondents' general demurrer and dismissing the complaint are hereby reversed and the cause remanded with instructions to reinstate appellants' complaint except that portion of paragraph I order stricken pursuant to paragraphs 1 and 2 of respondents' motion to strike. Costs to appellants.

TAYLOR, SMITH and McQUADE, JJ., concur.

PORTER, C. J., did not participate.