388 P.2d 1018

Lynn HADFIELD, Plaintiff-Appellant,

v.

STATE of Idaho on relation of Wallace C. BURNS, Ernest F. Gaffney and R. Doyle Symms, the Board of Highway Directors, Defendants-Respondents.

No. 9297.

Supreme Court of Idaho.

Nov. 19, 1963.

Rehearing Denied Feb. 12, 1964.

L. F. Racine, Jr., Pocatello, for appellant.

Faber F. Tway, Chief Legal Counsel and Anton Hohler, Department of Highways, Boise, for respondents.

**KNUDSON, Chief Justice.**

Appellant, as plaintiff, commenced this action to recover temporary and permanent damages to his real property which abuts upon and has a frontage of approximately 150 feet on, Gould Street, in Pocatello, Idaho, upon which property he operates a service station. It is alleged in appellant's complaint, that on May 10, 1962, defendant-respondent commenced reconstruction of Gould Street for the purpose of making it a 4-lane divided highway; that during the course of construction of such highway said street was excavated 3 feet below its former level and the level of appellant's property; thereby destroying egress and ingress to appellant's property; that such condition existed and continued until July 10, 1962.

Appellant further alleged that said construction reduced the accessible frontage on his property to two 40-foot strips, thereby substantially and materially impairing and obstructing access thereto; that respondent built and maintained a raised barrier in the center of the highway, which destroyed egress and ingress to appellant's property, for him and the general public traveling upon said highway in an easterly direction; that appellant suffered temporary total destruction of a means of egress and ingress to his property during the period of construction, and that by reason thereof the market value of his property was depreciated and rendered useless and valueless.

Appellant further alleges as follows:

"That as a result of the alteration of said Gould Street and the frontage to plaintiff's real property by the construction of said divided, four-lane highway, the ingress and egress to plaintiff's real property was and is obstructed and substantially and materially impaired, and by reason thereof, plaintiff's real property has been reduced in value, and

plaintiff has suffered damages, in the sum of $100,000.00."

Appellant also alleges as an "alternative claim" that respondent has unreasonably and arbitrarily refused the demands of appellant, for a reasonable means of egress and ingress to his property, for himself and the general public traveling in an easterly direction, although respondent has allowed a convenient access through said median barrier to other businesses along said highway.

Respondent moved to dismiss the complaint on the ground that "it fails to state a cause of action upon which relief can be granted." This appeal is from the trial court's order granting said motion.

The motion involved was argued orally before the trial court and also submitted by briefs. The "Memorandum Decision" of the trial court was filed and constitutes a part of the record before us, and the following quoted paragraph thereof discloses the grounds which were considered by the court:

"The briefs and argument on the motion to dismiss urge three principal grounds for dismissal. These being: One, plaintiff's failure to file a claim with the State Board of Examiners prior to its filing this action; Two, that defendants have no liability for temporary obstruction of egress and ingress during course of construction; and,

Three, that the plaintiff is not entitled to damages because of the construction by defendants of a raised medium depriving east bound motorists of access to plaintiff's premises."

The court concluded that there was no merit to the first ground raised. As concerns the second ground, the court found that no liability was alleged against respondent for temporary obstruction of egress and ingress during the course of construction, since appellant did not allege that the period of time was unreasonable or that the obstruction or construction itself was unreasonable or arbitrary. In considering the third ground, the court concluded that appellant had no vested right in the continuation or maintenance of the flow of traffic past his property and that rerouting and diversion of traffic are police power regulations.

This court has endorsed the accepted rule that a complaint should not be dismissed for failure to state a claim, unless it clearly appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Wackerli v. Martindale, 82 Idaho 400, 353 P.2d 782; Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80.

During the oral presentation of this case to this court, counsel for appellant stated in effect that appellant no longer seeks damages allegedly resulting from the installation

and maintenance of the raised barrier in the middle of the highway referred to in paragraph IX of appellant's complaint, and consequently we will not further consider any such alleged claim for damages.

We have hereinbefore quoted paragraph XI of appellant's complaint, wherein it is alleged in substance that as a result of the alteration and construction performed by respondent, the egress and ingress to appellant's property was, and is, obstructed and substantially and materially impaired.

■ Under Idaho Rules of Civil Procedure, a motion to dismiss the complaint because of a failure to state a claim upon which relief can be granted, admits the facts alleged in the complaint, and the court, in ruling the sufficiency of the complaint, must construe the same in the light most favorable to the pleader. Williams v. Williams, 82 Idaho 451, 354 P.2d 747.

■ This court has long recognized that access to a public way is one of the incidents of ownership of land bounding thereon; that such right of access constitutes an interest in, and is appurtenant to, the land. It is a vested right of which the property owner cannot be deprived without just compensation. Mabe v. State, 83 Idaho 222, 360 P.2d 799; Farris v. City of Twin Falls, 81 Idaho 583, 347 P.2d 996.

In Hughes v. State, 80 Idaho 286, 328 P.2d 397, this court stated:

"We therefore hold that appellants' allegedly destroyed right of business access to their business property, if such be proven, constituted a taking of their property, whether or not accompanied by a taking of physical property, and constituted an element of damage, as does also any element of alleged taking of their physical property, which must be ascertained and assessed in accordance with the legislative mandate of I.C. sec. 7–711."

■ In Farris v. City of Twin Falls, supra, this court had under consideration a like question as is here presented, and held that

"Appellants having alleged, among other things, that respondent city caused to be constructed an obstruction to the entrance to their property and that by reason thereof the reasonable market value of such property has been damaged and decreased, the complaint states a cause of action and it was reversible error to sustain the general demurrer."

By applying the hereinbefore mentioned rule of construction, it is clear that it was error to dismiss appellant's complaint.

In appellant's brief (sec. 111 of Argument), it is stated that "temporary loss of access caused by an unreasonable delay in construction or the unreasonable and arbitrary manner of the construction, is com-

pensable." We feel that the general rule applicable to temporary construction or interference with access is clearly stated in 25 Am.Jur. 596, § 304, as follows:

"The right temporarily to obstruct highways is limited by reasonable necessity. The obstruction, therefore, must be temporary in point of time, or, in other words, must continue only for such a time as is reasonably necessary to accomplish the purpose which brings about the necessity for its existence, and as to character, it must be reasonable and lawful. The existence of a reasonable necessity for the obstruction and the reasonableness of the duration thereof depend upon the circumstances of each case, and issues with respect to such matters usually present questions of fact. It has been said to be a safe and reasonable rule to declare that so long as the alleged obstruction is temporary and reasonable in its character, and is intended for the public safety and convenience, it constitutes no cause of complaint."

■ In Farrell v. Rose, 253 N.Y. 73, 170 N.E. 498, 68 A.L.R. 1505, the New York Court of Appeals stated:

"As an adjoining property owner, the plaintiff had the right to use the street and highway in front of his premises, subject at all times to the reasonable control and regulation of the municipal authorities, and to work in the street necessary for its repair and maintenance, or for the construction of other public utilities. * * * The inconvenience and damage which a property owner suffers from these temporary obstructions are incident to city life and must be endured. The law gives him no right to relief, recognizing that he recoups his damage in the benefit which he shares with the general public in the ultimate improvement which is being made. The law, however, does afford him a relief, if the city or a contractor interferes with the highway without authority; or, if acting legally, prolongs the work unnecessarily or unreasonably. The obstruction of streets and highways, or the work carried on in them of a public nature, must be reasonable and necessary for the public improvement which is being made."

■ If the temporary obstruction is a result of unreasonable, unnecessary, arbitrary or capricious acts or conduct by the one in charge of the improvement or construction, the abutting landowner has a right of action for damages resulting from such interference with access to his property. Heimann v. City of Los Angeles, 30 Cal.2d 746, 185 P.2d 597; People ex rel. Dept. of Public Works v. Ayon, 54 Cal.2d 217, 5 Cal.Rptr. 151, 352 P.2d 519; Oklahoma City v. Collins-Dietz-Morris Co., 183 Okl. 264, 79 P.2d 791; City of Yale v. No-

ble, 113 Okl. 106, 239 P. 463; Bailey v. Boston and Providence R. Corp., 182 Mass. 537, 66 N.E. 203; Bates v. Holbrook, 171 N.Y. 460, 64 N.E. 181; Thompson v. City of Mobile, 240 Ala. 523, 199 So. 862; Hart Bros. v. Dallas County, Tex.Com.App., 279 S.W. 1111; American Construction Co. v. Caswell, Tex.Civ.App., 141 S.W. 1013; Northern Transportation Co. v. City of Chicago, 99 U.S. 635, 25 L.Ed. 336; See also 2 Nichols, Eminent Domain, 395; 25 Am.Jur. Highways, §§ 154, 304, and 311; and annotations in 68 A.L.R. 340 and 1505.

█ We are not in disagreement with appellant's last above quoted statement, and it is clear from his complaint that he seeks damages for temporary total destruction of egress and ingress to his property. However, he does not allege that the period of time involved or that the obstruction or construction created, was unnecessary, unreasonable, or arbitrary, and for that reason appellant has failed to allege a claim upon which relief may be granted for temporary obstruction or interference with his access.

█ We deem it proper to here repeat that a motion to dismiss, presented under IRCP 12(b) (6), has generally been viewed with disfavor because of the probable waste of time in case of a reversal or a dismissal of the action and because the primary objective of the law is to obtain a determination of the merits of the claim. Wackerli v. Martindale, supra.

For the reasons stated, the order of dismissal is reversed and the cause remanded for further proceedings; appellant's complaint is ordered reinstated and should appellant desire to amend his complaint the trial court may grant a reasonable time therefor. Costs to appellant.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.

## ON DENIAL OF PETITION FOR REHEARING

KNUDSON, Chief Justice.

The petition for rehearing presented by respondent asserts that the foregoing decision "creates uncertainty as to whether or not the respondent State may regulate traffic entering and leaving the state's highways." We are unable to find in the opinion any justification for such a conclusion.

█ issue presented upon this appeal is whether the district court erred in granting defendant's-respondent's motion to dismiss appellant's complaint. It is alleged in the complaint that "as a result of the alterations * * * the ingress and egress to plaintiff's real property was and is obstructed * * *". No evidence, by affidavit or otherwise, was submitted to or considered by the district court in passing upon the motion to dismiss. The existence and extent of the alleged obstruction, if any, must be established before it can be

determined that the appellant is, or is not, entitled to any relief. The cases cited in respondent's petition for rehearing do not involve a motion to dismiss on the pleadings, each case went to trial before a jury or upon stipulated facts to the court.

This decision does not hold nor does it justify any inference that each of the allegations contained in the complaint involved states a claim upon which relief may be granted. However, we do say that it does not appear beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. Respondent's petition for rehearing is denied.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.