ALBERT O. SINOYAN & another vs. MASSACHUSETTS TURNPIKE AUTHORITY.   December 31, 1964.   Exceptions overruled.   This petition for the assessment of damages on account of a taking of a "bowladrome" in Newton comes here on the respondent's exceptions to four rulings on evidence and to the failure of the judge to give a requested instruction.   1.   The admission in evidence of the petitioners' gross receipts from the operation of the bowling alleys for the two years prior to the taking was not erroneous for the reasons set forth in *Revere* v. *Revere Constr. Co.* 285 Mass. 243, 248–250.   2.   Nor did the judge err in allowing a question calling for what the petitioners had done to the building by way of maintenance between 1957 and the date of the taking.   Because of the peculiar nature of the property the petitioners were seeking to show the reproduction cost of the building less depreciation (see *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.* 335 Mass. 189, 194–197) and it was open to them to show, as bearing on depreciation, whether the building had been well maintained.   If, as is arguable, the answer was too vague the respondent could have moved that it be struck, but this was not done. 3.   Similarly, as bearing on the condition of the property, the petitioners were properly permitted to introduce evidence with respect to the maintenance of the alleys.   The judge made it plain to the jury that the alleys could be considered in determining value if, but only if, they were in-

corporated into the real estate and enhanced its value. Whether they were realty or personalty was left, on proper instructions, to the jury. 4. In view of these instructions, there was no error in the admission of evidence of the reproduction cost of fourteen alleys installed in 1938. 5. Four alleys were installed in 1957. The respondent requested an instruction that there was no evidence that these alleys were attached to the realty and hence they could not be considered in determining the value of the property. There was evidence which would have warranted a finding that they were installed in the same manner as those which were installed in 1938; as to the latter it could have been found that they were incorporated into the realty. In refusing, therefore, to charge as requested the judge did not err.

*Albert W. Wunderly* for the respondent.
*Edmund Burke* for the petitioners.