286 P.2d 1112

The STATE of Idaho, on relation of Roscoe C. RICH, Leonard K. Floan, and David P. Jones, Idaho Board of Highway Directors, Plaintiff-Respondent,

v.

DUNCLICK, INC., formerly Mortarless Block, Inc., a corporation; and Reconstruction Finance Corporation, a corporation of the United States of America, Defendants-Appellants.

No. 8213.

Supreme Court of Idaho.

July 14, 1955.

48

Jeppesen & Jeppesen, Boise, for appellants.

Graydon W. Smith, Atty. Gen., and Allan G. Shepard, Asst. Atty. Gen., for respondent.

KEETON, Justice.

Respondent instituted this action to secure by condemnation certain real property belonging to appellant, Dunclick, Inc. The land sought to be taken is a part of a larger tract. Appellants claim damages for the value of the part taken and which will accrue to the portion not sought to be condemned by reason of its severance from the portion taken, and the construction of the improvement (highway) in the manner proposed.

The issue of the value of the property condemned and the damages which will accrue to the portion not sought to be taken by reason of its severance was submitted to a jury, verdict rendered, and judgment entered

The testimony disclosed that the parcel of land taken was an integral part of an entire unit used for the manufacture of concrete blocks, pumice products and pipe, and the part taken was used principally for storage and seasoning of the finished manufactured products. Appellants own no other storage site in the manufacturing area.

Adjacent to appellant's manufacturing plant is a tract of land owned by the State of Idaho and it is the contention of respondent that such other land is available to appellant for a storage site—under what conditions does not appear—the contention being that appellant and respondent could exchange lands, the tract owned by the State of Idaho being deeded to appellant as a storage site in lieu of the land taken by respondent.

In furtherance of this theory respondent's attorney in his opening statement to the jury said in part:

"Then we will directly attack the question brought out by defendants: 'Is there any other available land?' I think you folks realize by now the importance of that."

The statement was objected to as argumentative and not proper. The court ruled: "Well, I think it is. He is just telling what they intend to prove, and it depends on the proof." The testimony of appellants' witness to which respondent's attorney was referring was evidently a statement by the witness Dundas that appellants owned no other storage area. The question was "Now is there any other available storage in the plant? A. There is not." The witness testified that the storage area owned by appellants was used to capacity.

Mr. Shepard continuing:

"The plaintiff [respondent] will bring before you witnesses to prove that there is other available land; that there was and that there is now, today, other available land. These witnesses * * * will prove to you that the defendants [appellants] and their corporation officers knew and now know that there is other available land; that the defendants [appellants]

and their corporation officers not only knew that that property was available but planned upon using it * * *."

In furtherance of respondent's theory he made an offer of proof to which objection was properly sustained, to the effect that certain witnesses would testify if permitted to do so to the availability of such other land and that a deed to the same had been tendered to appellant Dunclick, Inc.

 The consideration to be paid, or conditions under which the conveyance tendered could or would be made to appellants, the cost of improving the claimed available land to make it adaptable to appellants' use, the cost of readjustment to appellants' plant to make practical use of the new location, or what sum would necessarily be required to be expended in order to rehabilitate the property for such use and replace the plant in status quo ante capiendum were not shown. If respondent desires to prove facts for the purpose of mitigating or minimizing the damages sustained to the remainder, proof of availability of other land adjacent to appellants' plant, standing alone with nothing more, is insufficient for such purpose. If other available land can be acquired and proof is submitted proving that the acquiring of such land and the adjustment of appellants' plant as above outlined would minimize the damages, such evidence should be received to so minimize or lessen the damages sustained. City of St. Louis v. St.

Louis, I. M. & S. R. Co., 272 Mo. 80, 197 S.W. 107, and authorities therein cited.

Over objection certain witnesses were permitted to testify on behalf of respondent as to the availability of such other land, which could be acquired by appellants in lieu of the part taken.

We quote from the transcript from the cross-examination of the witness Dundas:

"Q. Is there any other land available for storage outside the limits of the present plant, Mr. Dundas?

"Mr. Jeppesen [appellants' attorney]: If your Honor please, I want to interpose for the record an objection to that question, as being immaterial to the controversy here on trial.

"The Court: The objection will be overruled. He may answer.

* * * * * *

"A. Yes, there is lots of land but it is not desirable land."

The land referred to was shown on Exhibit 2 as belonging to the State of Idaho.

In cross-examination of the witness Truax respondent's counsel asked:

"Q. Now assuming you had that area available to you for storage space and that this area wasn't disturbed other than this small corner, and assuming, as you have said, that the value of the plant before the taking was $225,000, would you not give more than $12,000 for what was left,—the

manufacturing plant and this area here?" (Indicating.)

The question was objected to on the ground it was immaterial. The court ruled: "* * * but I think the question is improper, as to what he would give for it."

"Mr. Jeppesen: Furthermore it is immaterial to the issue now."

The part of the question as to what the witness would give for said property was then stricken.

"Mr. Shepard: May I consider my next question to be the same as the last with the exception of this Phrase 'What value would you place on it'?"

Mr. Jeppesen, appellants' counsel, objected to the question as immaterial and the court overruled the objection.

In the cross-examination of the witness Modi, the following questions were asked:

"Q. * * * if other land were available relatively cheaply in the same area then the fact that this was attached to a plant would not in and of itself be important? A. That is right.

"Q. And if it were taken away he could use other property or get other property? (referring to appellant) A. Yes.

"Mr. Jeppesen: * * * I ask that that be stricken for the purpose of an objection.

"The Court: The objection will be overruled. The answer may stand."

In the cross-examination of respondent's witness Anderson by appellants' counsel, witness stated that his appraisal of the damage appellants would suffer was based on other property being available in lieu of that taken.

An examination of the transcript clearly indicates that it is respondent's theory that other land adjacent or contiguous to appellant's plant, not owned by it, could be acquired by appellant and substituted for the land taken. Further parts of the transcript and testimony admitted could be quoted indicating this theory.

Respondent in its brief argues that such testimony of the availability and substitution of other land for that taken is a proper matter to be submitted to the jury.

▇ Under our constitution and statutes, Art. 1, § 14, Idaho Constitution and sections 7–711 and 7–714 I.C., a defendant in a condemnation suit is entitled to be paid in money the value of the property so taken and the damages which will accrue to the part not taken because of its severance. Ryan v. Weiser Valley Land & Water Co., 20 Idaho 288, 118 P. 769; Jeffery v. Chicago & M. Electric R. Co., 138 Wis. 1, 119 N.W. 879; 29 C.J.S., Eminent Domain, § 191b, p. 1089.

▇ The condemnor cannot force an exchange of land, nor require the condemnee to purchase other lands in lieu of that taken, nor pay for the land taken and damages to the remainder in anything ex-

cept cash. The law applicable to the damages which appellants will sustain due to the taking does not contemplate an exchange of property, nor can respondent require that appellants purchase or accept other land in lieu of that taken or move the plant, or any part of it, to a new location. The evidence proving damage which will be sustained by appellants and testified to by respondent's appraisers was all based on the theory that there was other suitable available land.

The question of damages was submitted for decision in an atmosphere which could well lead the jury to believe by inference, testimony, or otherwise, that there is suitable available land which should be accepted by appellants in lieu of the land taken either in payment or part payment of the damages sustained.

Instruction No. 2, assigned as error, reads as follows:

"The defendant has admitted that the plaintiff has sought in good faith to purchase the land sought to be taken and settle for the damage which might result to its property by reason of the taking thereof, and that the parties were unable to agree upon a settlement."

The only province of the jury in the matter before us is a determination of a question of damages. The attempt on the part of respondent to purchase in good faith the land sought to be taken before the bringing of the action and to settle for the resulting damage is not a question to be submitted to the jury. The legal proposition contained in the instruction was exclusively a matter for the court to determine.

In instruction No. 3, after advising the jury that appellants were entitled to recover the fair market value of the land sought to be condemned and the damages which will accrue to the portion not sought to be condemned by reason of its severance from the part taken, and the construction of the improvement in the manner proposed, the court then advised the jury:

"You will determine how much the portion not sought to be condemned will be specially and directly benefitted, if at all, by the construction of the improvement proposed by the plaintiff. If the benefits shall be equal to the damages assessed under sub-division Second above the defendant shall be allowed no compensation except the value of the portion taken; but if the benefits shall be less than the damages so assessed the former shall be deducted from the latter and the remainder shall be the only damages allowed, in addition to the value.

"Whether or not there are any *benefits* is a matter solely for the determination of the jury." (Emphasis supplied.)

The part of the instruction above quoted is erroneous for the reason there

was no evidence of any special or direct benefits because of the construction of the improvement proposed. Benefits, if any, which will accrue to appellants in conjunction with the general public are not special or direct benefits. Tyson Creek R. Co. v. Empire Mill Co., 31 Idaho 580, 174 P. 1004; 29 C.J.S., Eminent Domain, §§ 182, 183, p. 1063. The jury should have been instructed that nothing could be deducted from damages sustained to the remainder because of claimed special or direct benefits by the construction of the improvement in the manner proposed.

▇▇▇ Respondent contends that instruction No. 3 requested by appellants used similar language to the instruction given. The instruction requested was erroneous and properly refused. Under the circumstances we would not reverse the judgment on this ground. Appellant will not be heard to complain of an instruction given which was requested by it. Neff v. Hysen, 72 Idaho 470, 244 P.2d 146. As the instruction given is erroneous and a new trial will be ordered on other grounds, we direct attention to this error.

Instruction No. 16, assigned as error, reads as follows:

"You are instructed that no proof of damage for loss of access has been made in this case, therefore you shall award no damages for loss of access."

▇▇▇ There is no direct proof of any specific amount of damages that would be suffered because of curtailed access to the proposed highway. There is testimony that the new highway when constructed could, in the vicinity of appellant's plant, only be entered at certain points. Convenience of access to a highway, formerly enjoyed by appellant, and impaired by reason of the new construction, could be considered by the jury with the other testimony in fixing the amount of damage sustained. 29 C.J.S., Eminent Domain, § 163, p. 1033.

Instruction No. 15, assigned as error, reads as follows:

"You are instructed that the burden of proof as to the value of the land taken and the damages which result to the property not taken is upon the defendants in this case. If in your opinion the defendants have not carried the burden of proof in establishing value and damages in this case your verdict shall not be in excess of the amount established by the State of Idaho as value and damages."

The instruction as given assumed a fact to exist which is not in evidence, namely, that respondent had established by some method or means the value of the land taken and amount of the damages to the remainder.

▇▇▇ It is the province of the jury to evaluate the pertinent testimony of all the witnesses and fix the value of the land taken and the damage to the remainder because of its severance from the whole. The

instruction as given limited the amount of the recovery to an undetermined, assumed, established sum. The burden of proving the amount of damages sustained, i. e., the value of the land taken and resultant damage to the remainder, must be borne by appellants. Whether such burden has been sustained is a question for the jury to determine. The second sentence of said instruction above quoted should not have been given.

The fact that the business engaged in by appellant used the land sought to be taken for a special purpose is material in determining the damages. If the land possessed a special value to the owner which can be measured in money, such owner has a right to have that value considered in the estimation and determination of the damages sutained. The value of the land taken should be estimated with respect to the use to which it is peculiarly adapted and the purpose theretofore made of it by appellant in the operation of its plant. Idaho Farm Development Co. v. Brackett, 36 Idaho 748, 213 P. 696.

Instruction No. 17, assigned as error, reads as follows:

"You are instructed that the value of a business as a going concern has no materiality in this case and shall be disregarded by you in your discussions, considerations and verdict except insofar as it may affect the fair market value of the land."

While the instruction covering the law could be more positively stated, the jury was, in effect, advised that if the business as a going concern enhanced the value of the property such matter is to be considered in arriving at a verdict.

Given instruction No. 9, assigned as error, reads as follows:

"You are further instructed that if you find that the land sought to be condemned constitutes a part of a larger parcel and that damages will accrue to the remaining portion of said larger parcel as a result of such severance, then you should determine the fair market value of such remaining portion before the taking of the severed portion and deduct therefrom the fair market value of such remaining portion after the severance therefrom of the portion sought to be condemned."

While the instruction standing alone is incomplete in that it does not advise the jury, after the deduction specified has been made, in what manner the figures obtained are to be used in assessing the damages, other instructions given covered in full the omitted matter, and when construed with other instructions, the instruction does not constitute reversible error.

The giving of instructions No. 19 and No. 11, assigned as error, had to do with market value and use. The two instructions must be construed with instruction No. 6 which defined "just compensa-

·tion", "market value", and other elements of damage, and when construed with instruction No. 6, cannot be said to be erroneous. Instructions must be construed as a whole.

 Appellant assigns as error the refusal of the court to give certain requested instructions. Instruction No. 3 requested was given in substance as requested. Refusal to give appellants' instructions No. 7 and No. 9 is assigned as error. Instruction No. 7 reads as follows:

"In determining market value of the defendants' property as of the date of the issuance of Summons in this case, and in determining market value of the property remaining after the taking, you must take into account the uses to which the property may be most advantageously used prior to the taking as compared with the uses to which the property can be most advantageously applied after the part claimed by the State has been taken, and you should determine the difference between the value before the taking and after the taking, and your judgment should be for the defendant in the amount of that difference."

Instruction No. 9 reads as follows:

"The Constitution and laws of the State of Idaho provide that private property shall not be taken by condemnation without just compensation having first been paid to the owner, or paid into court. You are therefore instructed that the defendants in this action are entitled to be paid in money; they cannot be compelled to accept other lands as compensation for their property taken or damages by the State."

Appellants are entitled to an instruction covering their theory of the case where there is substantial evidence to support such theory. Both instructions were correct statements of the law and should have been given.

 In determining the damages which appellants will sustain by reason of the taking of the part of the business property, it should be kept in mind that the part taken is an integral part of a going manufacturing business. In considering the adaptability and use of the land taken, the special purpose for which the land is used, may be considered as an element of its value, and where, as here, the land possesses a special value for storage purposes, used in conjunction with the manufacturing plant, appellants are entitled to have that use considered in the estimate of the damages sustained. 18 Am.Jur. 885, Sec. 247; 29 C.J.S., Eminent Domain, § 140, note 16.

 When such reasonable market value of the part taken has been determined and fixed, appellant is then entitled to further recover the damages to the remainder.

This latter sum is determined by the market value of such remainder before and after the taking. The difference in value is the severance damage. 29 C.J.S., Eminent Domain, § 139, Note 1, P. 979; section 7-711 I.C.

■ Appellants further assign as error admission of Exhibit No. 1, map of the project. Objection to the admission was properly overruled.

■ Other assignments of error complain of certain limitation of cross-examination of some of the witnesses, and a motion to strike certain testimony. The cross-examination of the witness Klaus on what matters he considered in fixing his appraisal of the damages suffered by appellants should have been permitted. Witness fixed the value of the part taken as $1,800. He testified on direct examination that his appraisal was based on bare land. On cross-examination the witness was asked: "Did you take into account in your appraisal the fact that the land you appraised is a part of a going concern, a manufacturing plant?" Objection was made to the question and sustained. "And you didn't consider the fact that the property is being used as a storage and sales yard for the block plant?" Objection to the question was sustained.

"Mr. Jeppesen (appellants' attorney): If your Honor please, I think on cross-examination in this case we should be able to test what basis he did use in arriving at his value and if he considered the use for which the property was used.

"The Court: The Court doesn't agree with you, Mr. Jeppesen. The objection has been sustained."

The objection should have been overruled. As heretofore stated appellant has the right in the determination of the value to have considered the use for which the land is being employed.

■ Wide latitude should be allowed in the cross-examination of witnesses. Johnson v. Richards, 50 Idaho 150, 294 P. 507; Lyon v. Melgard, 66 Idaho 599, at page 606, 163 P.2d 1019.

The motion to strike the testimony of the witness Anderson because of his consideration of other available land to which appellants might acquire title need not be further discussed because of what has heretofore been said.

For the reasons given the judgment is reversed and a new trial ordered. Costs to appellants.

TAYLOR, C. J., and PORTER, ANDERSON and SMITH, JJ., concur.