360 P.2d 799

Orville O. MABE and Edna Mabe, husband and wife, Plaintiffs-Appellants,

v.

STATE of Idaho, on relation of Roscoe C. RICH, Leonard K. Floan, and Wallace C. Burns, the Board of Highway Directors, Defendant-Respondent.

No. 8881.

Supreme Court of Idaho.

March 31, 1961.

Clemons, Skiles & Green, Jeppesen & Jeppesen, Boise, for appellants.

Wm. R. Padgett, Legal Counsel, Board of Highway Directors, Boise, for respondents.

Frank L. Benson, Atty. Gen., appeared as attorney for State of Idaho, but did not participate in argument or brief.

McFADDEN, Justice

Appellants by this action seek damages for impairment to and taking of highway access to their real property, being purchased under an agreement of sale. Respondents' motion for summary judgment was granted and judgment entered dismissing the action with prejudice.

Appellants assign as error the court's action in granting the motion and entering summary judgment; they claim that the amended complaint and affidavit of appellant Orville O. Mabe, set forth facts showing material interference with and damage to their right of access to U. S. Highway 30, with resulting depreciation to their property, as well as facts sufficient in law to entitle them to damages in some amount by way of inverse condemnation. As a corollary of the foregoing, they assert error of the trial court in denying them a jury trial on the issue of extent of the impairment of right of access and amount of damages.

The facts as alleged in the amended complaint show appellants to be husband and wife, and contract purchasers of the real property involved. Exhibit "A", attached to the amended complaint, is a copy of their real estate contract. The real property (described in the amended complaint and contract), is shown on Exhibit "B", attached to the amended complaint. This exhibit is a sketch of Interstate Project I–82–2(1) 83, Elmore County. Their property abuts on the highway that was formerly the main interstate highway designated as the U. S. Highway 30, 20 and 26, and was also the local thoroughfare between Boise and Mountain Home, Idaho. Situate on the premises is a service station and cafe, allegedly of the reasonable value of $50,000. Respondent under Idaho Highway Project I–3022(7), (or as appears on Exhibit "B" as I–82–2(1) 83) constructed a new interstate highway approximately 2,-000 feet northeast from the old highway. The new interstate highway uses the right-of-way of U. S. Highway 30 between Boise and Mountain Home, except for a distance of about 4.7 miles east of appellants' premises and for a distance of about 3.5 miles west thereof. (From Exhibit "B", the highways mentioned are shown to actually extend northwesterly and southeasterly, and hence the terms "east" and "west" are relative only, but for clarity, the term "west" is considered as northwesterly and "east" is considered as southeasterly).

The amended complaint states that "said new construction has so impaired the access of the plaintiffs (appellants) and their business visitors to and from the existing U. S. Highway 30, 20 and 26, as to render his premises valueless as business property"; and further states that the new highway will be so constructed that no access onto the same will be permitted from their premises except by way of a dirt road to a point about 14 miles west of their premises, with only a probable access 4.7 miles to the east. However, Mr. Mabe's subsequent affidavit shows completion of the construction of the new highway and states that the new construction totally destroyed access to his property from the west by reason of respondent constructing a fence along the right-of-way of the new Interstate Highway 30, 20 and 26, about 2 miles west of his property, and also by respondent tearing up and obliterating the old highway a short distance west of their premises. This affidavit further states that persons coming from the west to get to appellants' premises must travel along the new highway about 5 miles beyond the premises and then come back the 5 miles along the old highway; that appellants have for many years enjoyed access to U. S. Highway 30, 20 and 26, and since construction of the new highway the access has been totally destroyed to the west and greatly impaired to the east rendering their business property

valueless to their damage in the amount of $50,000.

For the purpose of this appeal, the allegations of fact contained in the amended complaint with exhibits, and the affidavit of Mr. Mabe summarized above must be accepted as true. Billeaudeau v. Temple Associates, 5 Cir., 213 F.2d 707, certiorari denied 348 U.S. 959, 75 S.Ct. 451, 99 L.Ed. 749; Apache Land and Cattle Co. v. Franklin Life Ins. Co., 9 Cir., 145 F.2d 964. Pogue v. Great Atlantic & Pacific Tea Co., 5 Cir., 242 F.2d 575; 3 Barron & Holtzoff, Federal Practice and Procedure § 1242, p. 198 (Wright Ed.).

It is the position of appellants that the destruction or impairment of the right of business access to their property constitutes a "taking of property" whether accompanied by an actual taking of physical property or not, and that just compensation must be paid therefor. They further contend that the fencing and the obliteration of the old road to the west creates a "cul-de-sac", and also constitutes a taking or impairment of the abutting right of access.

Respondent takes the position that access to appellants' property has not been impaired, and that the pleadings show nothing more than mere circuity of route. They urge that appellants are entitled only to a reasonable means of getting from their

property to the existing highway system, quoting at length, Winn v. United States of America, 9 Cir., 272 F.2d 282, 287. Further contentions by respondent, that an abutting property owner has no vested right in the continued existence of a flow of traffic in front of his property, and that diversion of traffic is not a compensable item of damages, are not in issue here, since appellants have conceded this point and rely solely on their alleged right to compensation for impairment of access.

Winn v. United States of America, supra, involved real property adjoining that of the appellants here, who are, in fact, vendees from the appellants in that case. The U. S. Circuit Court of Appeals had before it an appeal from a judgment awarding damages for about 2.3 acres of land actually taken, the contention being that the damages were inadequate because the trial court failed to allow the jury to consider the new highway's effect on appellants' rock shop, and in failing to allow the jury to consider the damages suffered by appellants because of loss of access. The Circuit Court pointed out that there was no relationship between the highest and best use of the land actually taken to that of rock vending, and stated:

"There is nothing to show that the Interstate as such will contribute any 'direct and identifiable element of depreciation' to the residue of their property. Boyd v. United States, 8 Cir.,

1955, 222 F.2d 493, 495. Whatever damage they may suffer results from neither the taking of the land nor the use to which it is to be put, but from the Interstate project as a whole, and the consequent diversion of traffic. Construction of a strip of a highway on the land taken here is not such a use as to cause injury to the remainder. Appellants' claim is essentially one for business loss and is not compensable. (citing cases).

"Lastly, appellants phrase their claim in terms of 'loss of access,' citing Hughes v. State, 80 Idaho 286, 328 P. 2d 397; State ex rel. Rich v. Dunlick, (sic) Inc., 77 Idaho 45, 286 P.2d 1112. An examination of these cases show that in each an existing access to an existing road was damaged or destroyed by the new construction. Such is not the case in the instant action. The appellants will have the same access to Highway 30 after the Interstate is constructed as they had before.

\* \* \* \* \* \*

"Although Highway 30 will be obliterated some distance from appellants' land toward Boise, it will remain unchanged toward Mountain Home, and the 'village market, church, and school' (United States v. Grizzard, supra [219 U.S. 180, 31 S.Ct. 162, 55 L.Ed. 165]) may be reached the same as they are

reached now. It is true that appellants will have to travel ten miles farther to reach Boise and points west, *but there is nothing to show that any inconvenience in reaching Boise and other points in that direction reduces the market value of their property.* (citing cases.) Even though the total distance be greater, for all that appears the route to Boise over the Interstate may be faster than the present route over Highway 30, which from the record appears to be a two-lane surfaced road." (Emphasis added.)

The underlined portion of that quotation from the Winn case points out the particular distinction between that case and the instant case. Here, we have before us allegations of destruction and impairment of access with resulting reduction in the value of appellants' property, none of which are present in the Winn case.

 Idaho is firmly committed to the rule that access to property from an existing highway is a property right. Village of Sandpoint v. Doyle, 14 Idaho 749, 95 P. 945, 17 L.R.A.,N.S., 497; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Independent School Dist. No. 1 of Twin Falls County v. Continental Oil Co., 49 Idaho 109, 286 P. 360. That the curtailment of, or interference with access to real property is to be considered as an element of damages in an action for condemnation has been recognized by this court in the following cases: State ex rel. Rich v. Fonburg, 80 Idaho 269, 328 P.2d 60; State ex rel. Rich v. Dunclick, Inc., 77 Idaho 45, 286 P.2d 1112. This court has further held interference with access to be, in itself, a taking of a property right, compensable in damages awarded by way of "inverse condemnation", and not merely as an item of severance damages in a condemnation suit. Farris v. City of Twin Falls, 81 Idaho 583, 347 P.2d 996; Hughes v. State, 80 Idaho 286, 328 P.2d 397, 402. In the Hughes case this court stated:

"Our review of Idaho's Constitution, statutes and decisions, clearly shows that the power of eminent domain extends to every kind of property taken for public use, including the right of access to public streets, such being an estate or interest in and appurtenant to real property; and since such right of access constitutes an interest in, by virtue of being an easement appurtenant to, a larger parcel, the court, jury or referee must ascertain and assess the damages which will accrue to the portion not sought to be condemned by reason of the severance of the portion—the right of access—sought to be condemned, and the construction of the improvement, I.C. sec. 7–711." Appellants in their brief state:

"Appellants are well aware of the fact that they cannot insist on an access onto the new highway. They are not asking for such right. Nor are appellants claiming damages simply because of 'diversion of traffic' from the old highway."

Yet in their amended complaint they claim their property to have been rendered valueless as "business property", and in his affidavit, appellant Mr. Mabe uses the phrase "business property." "The use to which the property is put does not affect the constitutional rights involved." Farris v. City of Twin Falls, 81 Idaho 583, 347 P.2d 996, 998. The use of the adjective "business" adds nothing to their claim, and must be disregarded, if appellants intend to imply depreciation of the value of their property by reason of diversion of traffic. Appellants, as they recognize in their brief, are without remedy for any loss of value to their property by reason of diversion of traffic, occasioned by the creation of the new highway. People v. Ricciardi, 23 Cal. 2d 390, 144 P.2d 799; State v. Peterson, 134 Mont. 52, 328 P.2d 617; 5 Nichols, Eminent Domain, § 16.101(5); Annotation 118 A.L.R. 921.

In Farris v. City of Twin Falls, supra (decided subsequent to Winn v. United States, supra), this court was confronted with the problem of evaluating the sufficiency of a complaint attacked by general demurrer. The Farris case, also an inverse condemnation action for damages for obstruction of the right of access to real property, held that the particular complaint stated facts sufficient to constitute a cause of action. This court in reversing the trial court, pointed out that "Appellants have alleged, among other things, that respondent city caused to be constructed an obstruction to the entrance of their property and that by reason thereof the reasonable market value of such property has been damaged and decreased, the complaint states a cause of action and it was reversible error to sustain the general demurrer."

While respondent contends that the facts which appellants allege show a mere circuity of route, as against actual impairment of the right of access to appellants' property, yet appellants' allegations are much broader than mere circuity of route from the new highway to their property, for those allegations rest in the theory of substantial obstruction or impairment of appellants' right of access to their property and resulting damages. Should further proceedings show that there has been such a substantial impairment of appellants' right of access as alleged, as contrasted to a mere matter of inconvenience or circuity of route, as contended by re-

spondent, then appellants must be compensated for such resulting damages as may be properly established. Any such damages, however, must be limited to those directly attributable to loss of value of appellants' premises occasioned by the impairment of their right of access as of the time of such impairment, and must exclude noncompensable items occasioned by the change in route and traffic flow brought about by the construction of the stretch of new highway.

We are constrained to the view that the trial court erred in granting respondent's motion and entering judgment of dismissal. Idaho Const., art. 1, § 13 and § 14; Farris v. City of Twin Falls, supra; Hughes v. State, supra.

The order of the trial court sustaining the motion for summary judgment and its judgment dismissing the action are hereby reversed and the cause remanded with instructions to reinstate the appellants' amended complaint.

Costs to appellants.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.

Subsequent to filing of opinion, Frank L. Benson, Attorney General, moved the Court that his name be stricken as attorney for Idaho Board of Highway Directors. The record has been amended to reflect the fact of his appearance for the State of Idaho only.