397 P.2d 766

**Herb JAMES, and Mrs. Herb James, Plaintiffs-Appellants,**

v.

**STATE of Idaho, a commonwealth acting by and through the IDAHO BOARD OF HIGHWAY DIRECTORS, Defendant-Respondent.**

No. 9509.

Supreme Court of Idaho.

Dec. 22, 1964.

Faber F. Tway, Chief Legal Counsel, Anton Hohler, Jack C. Riddlemoser, Dept. of Highways, Boise, for respondent.

Thomas A. Mitchell, Coeur d'Alene, for appellants.

**McFADDEN, Justice.**

Mr. and Mrs. Herb James, as plaintiffs (appellants herein) instituted this action to recover damages for alleged deprivation of access to their business property. Subsequent to the filing of this action, Mr. James passed away; by stipulation his widow, the administratrix of his estate, has been substituted as a plaintiff.

Appellants by their complaint seek $40,000 damages for loss of value to their business property as a result of alleged impaired access to it. To the complaint respondent filed a motion to dismiss, which the trial court, under the provisions of I.R.C.P. 12(b) treated as a motion for summary judgment, and dismissed the action. It is from such summary judgment that this appeal was taken, with the sole issue for consideration being whether the court erred in entering the summary judgment.

While a certificate has not been submitted as is required by appellate Rule 35, no prejudice appears therefrom. The judgment recites that in determining the issues presented by the motion to dismiss, the trial court considered, " * * * the pleadings, affidavits and exhibits of the parties hereto, * * *", all of which instruments are before this court.

Appellants by their complaint allege that they are the owners of business property near Kootenai, Idaho, known as Wolf Lodge Inn; that respondent constructed a new highway; that their business property was contiguous to U. S. Highway No. 10, and they had direct access to and from that highway, and their customers had direct access to their business of selling food, drinks and lodging to the public; that the new highway has only limited access in conformity with the standards of the National System of Interstate and Defense Highways, and was so constructed as to deprive the appellants of their access to U.S. Highway No. 10; that a solid link fence was constructed barring the appellants and their customers from access from U.S. Highway No. 10 to their property; that the Wolf Lodge and adjacent area was open to the public for food, drinks, lodging and camping and was so used by the public; that appellants had made substantial improvements thereon; that the construction of the new highway had deprived the appellants of access to the appellants' property and had caused an actual impairment of the right of access to their damage in the sum of $40,-000.00.

In response to request for admission of facts, the appellants admitted: that the respondents acquired no right of way from them; that some slight access still remains to the highway, stating that east bound traffic must travel one and a quarter miles off

the main highway to get to their premises and must return by the same route to achieve access to the highway; that old U.S. Highway No. 10 was converted to a frontage road and joined at both ends, east and west of their property with the new highway, but qualified such admission by stating that the frontage road joins the new highway three-fourths of a mile east and approximately a mile and a quarter west of appellants' property.

In respondent's affidavit by Mr. Pearring, an engineer of the Idaho Department of Highways, it is stated that the affiant was familiar with the highway project leading to the construction of the new highway and with the appellants' property. The affidavit further states:

"* * * That the said project provided for the construction of a four-lane divided highway, designated as Interstate I-90, adjacent to the then existing U.S. Highway 10 to which the plaintiffs had and still have access; that there is no access between the eastbound and westbound lanes of the said divided highway; that there is full two-way access from said former U.S. Highway 10, now designated as a frontage road, and the said Interstate Highway I-90, by means of an interchange at Station 231†4, one and one-fourth miles west of plaintiffs' property; that there is direct access from the west-

bound lane of said divided highway to said former U.S. Highway 10 at Station 65, three-fourths of a mile east of plaintiffs' property; that plaintiff's property now has the same access to the former U.S. Highway 10 that it had prior to the construction of Project I-90(6) 23 [Interstate Highway I-90] * * *"

Certain highway maps of the area in question were attached to this affidavit. By stipulation of counsel at the hearing before this court, an aerial photograph of the highway as constructed, was submitted.

The maps and photograph show that former U.S. Highway No. 10 was adjacent to appellants' property. The new four lane highway, I-90, parallels the old highway. West of appellants' property an overhead interchange gives access to the frontage road from the new highway for vehicles travelling in both directions. East of appellants' property a one-way outlet from the new highway gives access to the frontage road for vehicles travelling west.

Mr. James in his affidavit submitted in opposition to the showing made by respondent, stated that as concerns east bound traffic on the new highway his business has been cut off from access in that:

"* * * as concerns automobile and light truck traffic, the same must, without any signs advising the travelers as to availability of facilities, pull off the

main highway and follow a winding and twisting overpass, proceeding one and one-fourth miles to plaintiffs' business, after which they must return by the same route one and one-fourth miles to get back onto the freeway. As concerns tractor-trailer traffic, the same cannot safely negotiate the sharp turns on the overpass leading to and from plaintiffs' property and have ceased even attempting to do so.

"As concerns west bound traffic, the same must pull off the west bound lane on the freeway onto the frontage road three-fourths of a mile before reaching plaintiffs' property, all without advice about facilities available along the frontage road.

I.R.C.P. 56(c) provides in part: "The [Summary] judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

From the record before the court it is our conclusion that aside from a question of damages there is no genuine issue as to any material fact remaining. Any issue of damages, of course, would only arise in the event that appellants have shown themselves to be entitled to relief.

Appellants claim they have shown themselves to be entitled to relief, asserting that interference with business access is a "taking" of property, citing: Hughes v. State, 80 Idaho 286, 328 P.2d 397; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; and also the creation of a cul-de-sac where none before existed is an interference with access, citing Mabe v. State ex rel. Rich, 83 Idaho 222, 360 P.2d 799.

The Continental Oil Co., case was an action to enjoin enforcement of an ordinance prohibiting the erection of a service station within 500 feet of a public school building. The trial court held the ordinance to be unconstitutional, and this court affirmed the holding of the trial court. In the opinion this court quoted from Village of Sandpoint v. Doyle, 14 Idaho 749, 95 P. 945, 17 L.R.A.,N.S., 497, as follows: "It has been held by the courts that to cut off this right of ingress and egress would be to take the lot owner's property without due process of law." This court pointed out that the evidence fully sustained the findings of the trial court that the ordinance imposed an unreasonable restriction upon the owner's property rights amounting to a taking without due process of law.

In the case of Village of Sandpoint v. Doyle, quoted in the Continental Oil Co., case, supra, this court was considering the

problem of the right of ingress and egress of a property owner to an abutting street.

In Hughes v. State, supra, the owners of a corner lot complained of having one of their two means of access to their lot completely cut off from the street by construction of a new bridge and overhead. This court, in ruling upon whether a demurrer to the property owner's complaint was properly sustained, stated: "We therefore hold that appellants' allegedly destroyed right of business access to their business property, if such be proven, constituted a taking of their property, whether or not accompanied by a taking of physical property, * * * ". In this Hughes case, the access to the abutting street was allegedly severed adjacent to the property line.

In Mabe v. State ex rel. Rich, 83 Idaho 222, 360 P.2d 799, (second appeal, 86 Idaho 254, 385 P.2d 401) the issues, as in the instant case involved an alleged loss of access to the general highway system itself and not to any alleged loss of access from the appellants' property to the abutting roadway. In the first Mabe case, supra, this court stated:

"While respondent [State of Idaho] contends that the facts which appellants allege show a mere circuity of route, as against actual impairment of the right of access to appellants' property, yet appellants' allegations are much broader than mere circuity of route

from the new highway to their property, for those allegations rest in the theory of *substantial obstruction or impairment* of appellants' right of access to their property and resulting damages. Should further proceedings show that there has been a *substantial impairment* of appellants' right of access as alleged, as contrasted to a mere matter of inconvenience or circuity of route, as contended by respondent, then appellants must be compensated for such resulting damages as may be properly established." (Emphasis supplied).

The facts in the instant case, concerning which there is no controversy, show appellants' access from their business property to the frontage road, formerly U.S. Highway No. 10, is the same as it was prior to construction of the new Interstate highway. The facts also show this frontage road is connected with both east bound traffic and west bound traffic. East bound traffic, to reach appellants' property from the Interstate and again continue easterly, must retrace its path. This alone, does not constitute a taking of property. At most it can only be considered as constituting a more inconvenient, or circuitous route. Appellants' complaint and affidavit, as a practical matter, is directed to the asserted lack of access to and from the main stream of traffic which no longer flows directly in front of their

place of business, and not to mere lack of access to the state highway system. Diversion of traffic occasioned by the relocation of the highway does not cause a compensable injury, for appellants have no property right in any flow of traffic over a particular highway. Villages of Eden & Hazelton v. Idaho Board of Highway Directors, 83 Idaho 554, 367 P.2d 294, and cases therein.

In State ex rel. Rich v. Fonburg, 80 Idaho 269, 328 P.2d 60, this court stated: "Nor is the condemnee entitled to damages because he is not granted unrestricted access to the new part of the road being constructed. There is no inherent right of access to a newly relocated highway. The new highway not being in existence prior to the present construction, the landowner would suffer no compensable damages because his access to the new construction was denied him." Damages for depreciation in value of abutting landowners' property, by reason of business loss, occasioned by the change in route and traffic flow brought about by the construction of new highways are not compensable. Mabe v. State ex rel. Rich, 83 Idaho 222, 360 P.2d 799, second appeal, 86 Idaho 254, 385 P.2d 401; People v. Sayig, (1951) 101 Cal.App.2d 890, 226 P.2d 702; State v. Peterson (1958) 134 Mont. 52, 328 P.2d 617.

Two recent cases decided by the Supreme Court of California contain language particularly appropriate here: In Briedert v. Southern Pacific Company (Cal.1964), 39 Cal.Rptr. 903, 394 P.2d 719, in considering a claim for damages of loss of access to real property in an urban area, that court stated:

"We have long recognized that the urban landowner enjoys property rights, additional to those which he exercises as a member of the public, in the street upon which his land abuts. Chief among these is an easement of access in such street (citing cases). This easement consists of the right to get into the street upon which the landowner's property abuts and from there, in a *reasonable manner,* to the general system of public streets (citing cases).

"To designate the right, however, is not to delineate its precise scope. Not every interference with the property owner's access to the street upon which his property abuts and not every impairment of access, as such, to the general system of public streets constitutes a taking which entitles him to compensation. Such compensation must rest upon the property owner's showing of a *substantial* impairment of his right of access to the general system of public streets." [Emphasis added].

In Valenta v. County of Los Angeles, (Cal. 1964), 39 Cal.Rptr. 909, 394 P.2d 725, the California Supreme Court, reiterating that there must be a substantial impairment of access, to constitute a cause of action ap-

plied such rule to landowners in unincorporated areas, as well as urban areas.

It is our conclusion that appellants have failed to show any substantial impairment of their access. The judgment of the trial court is affirmed.

Costs to respondent.

McQUADE, TAYLOR and SMITH, JJ., and TOWLES, D. J., concur.