855 P.2d 876

**W. Roy BROWN and Evelyn J. Brown, husband and wife, Plaintiffs–Appellants,**

v.

**CITY OF TWIN FALLS, a municipal corporation and State of Idaho, Defendants–Respondents.**

No. 19955.

Supreme Court of Idaho, Twin Falls, March 1993 Term.

July 2, 1993.

Webb, Pedersen & Webb, Twin Falls, for appellants. Lloyd J. Webb argued.

Benoit, Alexander, Sinclair, Doerr, Harwood & High, Twin Falls, for respondent City of Twin Falls. Jacqueline S. Wakefield argued.

Larry EchoHawk, Atty. Gen. and George M. Parham, Deputy Atty. Gen., argued, Boise, for respondent State of Idaho.

McDEVITT, Chief Justice.

## BACKGROUND

Roy and Evelyn Brown ("Browns") own property located at the intersection of Addison Avenue, Blue Lakes Boulevard, and Shoshone Street North, in Twin Falls, Idaho, also known as the "north five points"

intersection. The Browns acquired the property in 1973, and developed it as a shopping center for rental to retail businesses including retail sales operations and fast food establishments.

Sometime after the Browns acquired their property, the City, together with the State, entered into a highway improvement project for the north five points intersection. The project included the placement of raised median barriers and striping along Blue Lakes Boulevard and Addison Avenue. The barriers prevented traffic traveling south on Blue Lakes Boulevard and west on Addison Avenue from accessing the Browns' property by making a left hand turn across oncoming traffic. The date the project was completed is disputed between the parties.

On September 13, 1989, the Browns filed a complaint against the City and the State for inverse condemnation. The Browns complaint alleged that the placement of the median barriers restricted the amount of business traffic flow to their property, thus amounting to a taking of their property without just compensation. In an answer filed on October 31, 1989, the City claimed that the Browns failed to comply with the notice requirements of the Idaho Tort Claims Act, that the City is immune from liability, that the Browns' claim is barred by the statute of limitations, and that the actions taken by the City were an exercise of police power, not a taking under the City's power of eminent domain. A similar answer was filed by the State on November 13, 1989.

Both the City and the State moved for summary judgment. In support of its motion, the City offered the affidavit of Gary Young, the Twin Falls City Engineer, who stated that the improvement project, including the placement of the median barriers, was completed in 1978. Young also opined that despite the existence of the median barriers, motorists traveling from the north and east can reach the Browns' property without any change in their driving pattern, and motorists traveling south and west can reach the Browns' property with "relatively minor inconvenience." At-

tached to Young's affidavit were several maps demonstrating the routes by which motorists could reach the Browns' property. The City also offered the affidavit of Sharon Bryan, the Twin Falls Deputy City Clerk, who stated that the Browns had never filed a notice of a tort claim against the City. The State offered a similar affidavit from Miren Artiach, the Deputy Secretary of State, who stated that the Browns had never filed a notice of a tort claim against the State.

In opposition to the motion for summary judgment, the Browns filed the affidavit of Roy Brown. Brown stated that there was a gradual extension of the barriers leading to a gradual restriction of business traffic flow which did not result in a substantial interference with access to his property until 1989, when he began to lose tenants and was unable to secure a lease on account of the traffic restrictions. Brown also asserted that the traffic patterns introduced by the Young affidavit were unreasonable and would not be used by prospective customers. The Browns also introduced the affidavit of Jerry Gasser, an operator at a gas station on the north five points intersection, who stated that he believed the median barriers were installed in 1985.

In response to the Gasser affidavit, the City filed the affidavit of Rod Mathis, the Twin Falls Assistant City Engineer, and the affidavit of Lee Wilson, an employee of the Idaho Transportation Department. Both the Mathis and Wilson affidavits provided photocopies of photos of the north five points intersection. The Wilson affidavit included photographs taken of the intersection in 1977 and 1983, showing the placement of the barriers at that time. The Mathis affidavit included photos of the intersection in 1991.

After a hearing on the matter, the trial court issued its "Opinion RE: Motion for Summary Judgment" on March 20, 1992. The trial court found that there was no indication that an action for inverse condemnation falls under the Idaho Tort Claims Act because such an action is not based in tort. Therefore, it was not fatal

that the Browns did not file a proper notice pursuant to I.C. § 6–906. However, the trial court did find that the actions taken by the City and the State were a reasonable exercise of police power, relying on *State ex rel. Moore v. Bastian,* 97 Idaho 444, 546 P.2d 399 (1976), and *Merritt v. State,* 113 Idaho 142, 742 P.2d 397 (1986). Accordingly, the trial court determined that there had been no taking of the Browns' property as a matter of law and granted summary judgment in favor of the City and the State on that basis. The trial court did not address the statute of limitations defense, finding the taking/police power issue to be dispositive of the case.

The Browns have appealed from the trial court's order granting summary judgment in favor of the City and the State. The sole issue raised by the Browns is whether the trial court erred in determining that the placement of the road median barriers was a reasonable exercise of police power as a matter of law. The City and the State have also presented issues on appeal, contending that if we disagree with the trial court on the exercise of police power issue, they are still entitled to summary judgment based on the fact that the Browns failed to file a proper notice under the Tort Claims Act, or because the Browns' claim is barred under the statute of limitations. However, because we agree with the trial court that the City's and the State's actions in this case do not amount to a taking as a matter of law, we need not address the notice and statute of limitations issues.

## ANALYSIS

■ In an appeal from a motion for summary judgment, our standard of review is the same as the standard used by the trial court, which is to determine from all the pleadings, depositions, admissions and affidavits, whether there is a genuine issue as to any material fact and whether the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c); *Haessly v. Safeco Title Ins. Co.,* 121 Idaho 463, 825

P.2d 1119 (1992); *Ray v. Nampa School Dist. No. 131,* 120 Idaho 117, 814 P.2d 17 (1991). In making such a determination, this Court liberally construes the facts and existing record in favor of the nonmoving party. *Ray,* 120 Idaho at 119, 814 P.2d at 19. The moving party is entitled to summary judgment when the nonmoving party fails to make a sufficient showing establishing the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. *Badell v. Beeks,* 115 Idaho 101, 765 P.2d 126 (1988).

■ The Browns base their inverse condemnation claim on the rule that access to a public way is a property right appurtenant to land which, if unreasonably limited by a municipality or the state, can result in a taking of property under Art. 1, § 14 of the Idaho Constitution. *Johnston v. Boise City,* 87 Idaho 44, 390 P.2d 291 (1964); *Farris v. City of Twin Falls,* 81 Idaho 583, 347 P.2d 996 (1959); *Hughes v. State,* 80 Idaho 286, 328 P.2d 397 (1958). On appeal, the Browns argue that the trial court improperly granted the City's and the State's motions for summary judgment because the question of whether the City and the State have unreasonably limited the Browns' access in this case is necessarily a question of fact to either be determined by the trial court or a jury as the trier of fact.[1] Although we agree with the Browns' statement that a right of access is a property right which can be the basis for an inverse condemnation claim, we disagree that the facts of this case involve such a property right.

In *Powell v. McKelvey,* 56 Idaho 291, 53 P.2d 626 (1935), the plaintiffs were the owners of property abutting Eleventh Avenue South in Nampa, Idaho. Originally, Eleventh Avenue South allowed traffic to pass by plaintiffs' property and vehicles were able to use the full width of the street. However, the Department of Public Works built a tunnel which allowed traffic to pass underneath railroad tracks

---

1. In *Rueth v. State,* 100 Idaho 203, 596 P.2d 75 (1979), this Court held that all issues regarding inverse condemnation are to be resolved by the trial court, except the issue of what is just compensation.

which crossed Eleventh Avenue South. The entrance to the tunnel ran down the center of Eleventh Avenue South, leaving approximately eighteen and one-half feet of roadway on each side. Although vehicles could still reach the plaintiffs' property by means of Eleventh Avenue South from either side of the tunnel, there was now a diversion of traffic below the railroad track by means of the tunnel and traffic was prevented from using the full width of Eleventh Avenue South.

Plaintiffs brought an action against the Department of Public Works claiming in part that the building of the tunnel constituted a taking. The Department of Public Works filed its answer, maintaining that it was within its authority to restrict the use of Eleventh Avenue South without compensating the plaintiffs for any consequential change in the traffic flow. The trial court sustained *pro forma* the plaintiffs' demurrer to the department's answer. This Court reversed and remanded with instructions to overrule the plaintiffs' demurrer, stating:

> If instead of the construction of the subway, the Department of Public Works had established the through highway or link of the Oregon Trail, including, as it does now, Eleventh Avenue South, over a route clear outside the city of Nampa or over some other street, these property owners would have been deprived of the passing public going in front of their places as effectively, so far as their use of a through highway is concerned, as by the construction of this subway, yet it is not contended, as we understand it, nor would it be correct to say if it were, that such would be a "taking" of respondents' property entitling them to compensation, so far as the use of the full width of the street is concerned between the intersection of First Street South and Front street. [The length of the tunnel.] *Such use may be so restricted by the municipality or the State as to prevent legally, turning vehicles in the center of the street, or the driving from one curb to the other except at the intersections, and likewise parking privileges may be restricted.*

*Powell,* 56 Idaho at 315–16, 53 P.2d at 636–37 (emphasis added).

A similar holding was made in the later case of *State ex rel. Moore v. Bastian,* 97 Idaho 444, 546 P.2d 399 (1976), which was relied upon by the trial court below. In *Bastian,* the State brought an action to condemn a portion of defendants' property. At issue was the amount of compensation due the defendants and whether the jury was properly instructed regarding defendants' damages. Defendants alleged that they were not only entitled to compensation for the property actually taken and damages accruing to the remaining property, but also for damages for depreciation in the value of the remainder of the land by reason of a diversion in traffic which was to occur by the State's construction of a raised center-line median. The construction of the median limited access to defendants' property by prohibiting traffic from turning left across oncoming traffic.

In response, the State argued that the installation of the median device was an exercise of police power and was therefore noncompensable. The State sought a jury instruction instructing the jury that it could not award damages which the jury found to be caused by the construction of the median device and the consequential injury to defendants' land due to the diversion of traffic. The trial court refused to give the State's instruction. This Court held that the trial court's refusal to give the State's instruction was prejudicial error, stating:

> The taking of defendants' property through the process of eminent domain and the consequent damage to the remaining property had no necessary relationship to the median construction. *The placement of the medians and any consequent injury such might cause are the results of an exercise of the State's police power rather than a taking under its power of eminent domain.*
>
> .    .    .    .    .
>
> While it is true that defendants have a property interest in access to public streets, (citations omitted), nevertheless not all impairments of that right by the

State are compensable or per se unreasonable. (Citations omitted.) *That right of access does not encompass a right to any particular pattern of traffic flow or a right of direct access to or from both directions of traffic and we find no compensable impairment of access here.* All who wish to reach defendants' property could do so with relatively minor inconvenience. *James v. State,* [88 Idaho 172, 397 P.2d 766 (1964)]; *Mabe v. State,* [83 Idaho 222, 360 P.2d 799 (1961)]. . . .

*Bastian,* 97 Idaho at 447, 546 P.2d at 402 (emphasis added).

■ *Powell* and *Bastian* make it clear that the right of access to a public road does not encompass a right to any particular pattern of traffic flow. *See also Hughes v. State,* 80 Idaho 286, 295, 328 P.2d 397, 402 (1958) ("We do not deem the case of *Powell v. McKelvey,* 56 Idaho 291, 53 P.2d 626, to be in conflict with the views expressed herein. . . .").

■ We find the Browns' claim to be indistinguishable from the claims made in *Bastian* and *Powell.* Although the Browns characterize their claim as one involving a limitation of access, they are primarily asserting the right to have traffic traveling south on Blue Lakes Boulevard and west on Addison Avenue access their property by making a left hand turn across oncoming traffic instead of traveling an additional block or two which the medians now require.[2] Since that "right" has been interfered with, the Browns request damages for a taking of their property. However, similar to the plaintiffs in both the *Bastian* and *Powell* cases, the Browns do not have a property right in the way traffic flows on the streets abutting their property. Certainly, if the City of Twin Falls, in coordination with the State, had opted to build a tunnel as was done in *Powell,* or opted to make either Blue Lakes Boulevard

or Addison Avenue a one way street, the Browns would have no grounds on which to base a complaint for inverse condemnation under Idaho law. We find the situation in this case to be indistinguishable from those of *Bastian* and *Powell.*

The other case relied upon by the trial court was *Merritt v. State,* 113 Idaho 142, 742 P.2d 397 (1986). In that case, the plaintiff brought an action for inverse condemnation against the State, claiming the State had limited access to his property to the extent a compensable taking had occurred. The basis of the plaintiff's claim was that the State had eliminated a curb cut, preventing access to plaintiffs property at that point. The State also constructed a fence across one entrance to an alley by which plaintiff could access his land, thereby indirectly restricting access to the property at one end of the alley. The plaintiff still had direct access to his property by means of two other curb cuts and indirect access by means of the other entrance to the alley.

The State moved for summary judgment on the ground that the limitation of access was not a taking, but merely a regulation for the public health, safety, and welfare. The district court denied the State's motion and thereafter issued a Rule 54(b) certificate certifying the order as final. Pursuant to an order accepting the appeal under I.A.R. 12, the State appealed to this Court, arguing that because there was still access remaining to the plaintiff's property it did not take the plaintiff's property as a matter of law. This Court agreed, stating:

> In the instant case, there having been no destruction of vehicular access to the Merritt property, and the remaining vehicular access being reasonable, there was no taking of the Merritt's property which would entitle him to compensation. The district court erred as a matter of law in commenting that there had been a taking of the alley access to the Merritt

2. The Browns' own complaint states that their damages are a result of a restriction in traffic flow rather than a deprivation of access, stating:
   As a result of the *restrictions upon traffic flow* herein specified, and as a result of other actions by the Defendants *restricting the flow of traffic* into the described real properties, the

value of the Plaintiffs' properties has been substantially decreased through the reduction in rents available from those properties, and through the inability of the Plaintiffs to secure tenants for the properties, or to secure tenants able to pay reasonable rates of rent for those properties. (Emphasis added.)

property. First, the alley runs along the northeastern edge of the Merritt property, allowing indirect access. The alley was closed at only one end, allowing access from the other end. The closing of the alley on one end had no effect on access to the Merritt property from the alley itself. The remaining opening to the alley might require a car that would have used the alley from North 10th to drive an extra block to reach the Freeport Street entrance to the Merritt property. *However, the requirement of merely a more circuitous route to reach property is merely a by-product of a regulation, and does not constitute a taking. Cf. Powell v. McKelvey,* 56 Idaho 291, 315–16, 53 P.2d 626, 636–37 (1935).

*Merritt,* 113 Idaho at 145, 742 P.2d at 400 (emphasis added).

Although we find that the facts of the *Merritt* case distinguish it from the case at bar for the reason that *Merritt* represents a true limitation of access case rather than a change in traffic flow case, *Merritt* is instructive in that it involved actions which were more restrictive than the actions taken in this case. Nevertheless, the actions in *Merritt* were deemed to be reasonable and, given the procedural posture of the case, they were deemed reasonable as a matter of law. Therefore, even if the Browns' claim could be characterized as involving a property right of access, the *Merritt* case instructs us that the City's and the State's actions in this case, which require that traffic reach the Browns' property by a more circuitous route, do not amount to a taking as a matter of law.

Accordingly, we affirm the decision of the district court granting summary judgment in favor of the City of Twin Falls and the State of Idaho.

Costs to respondents.

JOHNSON and TROUT, JJ., and WOODLAND, J. Pro Tem., concur.

BISTLINE, J., concurs in the result.