# 560

990 P.2d 141

Jennifer ALLISON, Plaintiff–Appellant,

v.

The CITY OF COEUR D'ALENE, a municipal corporation of the State of Idaho; A.J. Hassell, III, in his capacity as Mayor for the City of Coeur d'Alene: Dixie Reid, Sue Servick, Ron Edinger, Chris Copstead, Nancy Sue Wallace, and Kevin L. Packard, all in their capacities as council persons for the City of Coeur d'Alene; and Jack W. Simpson and Virginia S. Simpson, husband and wife, Defendants–Respondents,

and

Donald H. Wagstaff and Lynn L. Wagstaff, husband and wife, Defendants.

No. 24389.

Supreme Court of Idaho, Boise, September 1999 Term.

Nov. 30, 1999.

Dodson & Raeon, Coeur d'Alene, for appellant. Charles M. Dodson argued.

Lukins & Annis, Coeur d'Alene, for respondents (except Simpsons). Susan P. Weeks argued.

Norman L. Gissel, Coeur d'Alene, for respondents Simpsons.

WALTERS, Justice.

This is an appeal from a summary judgment dismissing Jennifer Allison's action challenging a decision by the city of Coeur d'Alene to vacate a portion of an alley. The district court dismissed Allison's action because although she owns property abutting the alley, her property does not abut the vacated portion of the alley. Consequently, the district court found that Allison had no right to challenge the vacation ordinance. We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

Allison owns property located in the city of Coeur d'Alene. Her property is in a residential block that is bounded on the south by Lakeshore Drive, on the west by Taylor Street, on the north by Ash Avenue, and on the east by Dollar Street. The block is bisected by an east-west alley that connects Taylor and Dollar streets. Allison's property is situated in the southern half of the block; it abuts Lakeshore Drive to the south and the alley to the north. Because her property is bounded on the east and west by other lots and parking on Lakeshore Drive is restricted, the alley serves as Allison's primary access to her property. She has access, however, from both the alley and Lakeshore Drive.

On February 6, 1996, the city of Coeur d'Alene adopted Ordinance 2742, vacating a portion of the alley located entirely upon

property owned by Allison's eastern neighbor. As a result, the alley ends just east of Allison's property and it is no longer possible to travel from Taylor Street to Dollar Street using the alley. Allison still has access to her property from the alley, but to exit she must return to Taylor Street rather than continuing to Dollar Street as she could before the vacation.

On March 4, 1996, Allison filed a complaint pursuant to the Declaratory Judgment Act naming the city of Coeur d'Alene, the mayor, and the individual council members as defendants. Allison's complaint alleged that her rights-of-way as an adjoining lot owner were impaired by the vacation, and that the ordinance should therefore by declared null and void under I.C. § 50–311.[1]

The parties made cross-motions for summary judgment, and the district court granted the city's motion. Relying upon *Bopp v. City of Sandpoint,* 110 Idaho 488, 716 P.2d 1260 (1986) and *Canady v. Coeur D' Alene Lumber Co.,* 21 Idaho 77, 120 P. 830 (1911), the district court held that Allison did not have a right to challenge the vacation of the alley because she did not own property abutting the vacated portion of the alley and had not suffered any special or peculiar injury different from the general public.

The sole issue currently before this Court is whether the district court properly granted summary judgment for the city.[2]

## ANALYSIS

◼ In *Bopp v. City of Sandpoint,* 110 Idaho 488, 716 P.2d 1260 (1986), this Court held that Bopp could not maintain a declaratory judgment action to contest the validity of a vacation ordinance because he did not own any property adjacent to the vacated right-of-way and had not shown any special or peculiar injury as a result of the vacation. In this case, Allison admittedly owns no property adjacent to the vacated portion of the alley, and the district court found that Allison has not suffered any special or peculiar injury independent of that suffered by the general public. Consequently, the district court granted summary judgment dismissing Allison's complaint.

Although Allison's property does not directly abut the vacated portion of the alley, it is very close. Based upon this proximity and her frequent use of the vacated alley, Allison argues that she should be able to challenge the vacation. Allison's complaint alleges that her

---

1. I.C. § 50–311 provides:
   Cities are empowered to: create, open, widen or extend any street, avenue, alley or lane, annul, vacate or discontinue the same whenever deemed expedient for the public good; to take private property for such purposes when deemed necessary, or for the purpose of giving right of way or other privileges to railroad companies, or for the purpose of erecting malls or commons; provided, however, that in all cases the city shall make adequate compensation therefor to the person or persons whose property shall be taken or injured thereby. The taking of property shall be as provided in title 7, chapter 7, Idaho Code. The amount of damages resulting from the vacation of any street, avenue, alley or lane shall be determined, under such terms and conditions as may be provided by the city council. Provided further that whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owner of the adjacent real estate, one-half (½) on each side thereof, or as the city council deems in the best interests of the adjoining properties, but the right of way, easements and franchise rights of any lot owner or public utility shall not be impaired thereby.

2. On November 25, 1996, Allison filed an amended complaint adding Donald and Lynn Wagstaff, and Jack and Virginia Simpson as defendants. The amended complaint alleged that the Wagstaffs were the owners of the property containing the vacated portion of the alley and that the Simpsons also claimed some interest in the property. The amended complaint alleged a prescriptive easement against the Wagstaffs based upon continuous use of the alley since 1983. Only the Simpsons answered the amended complaint and Allison moved for entry of default against the Wagstaffs. The district court dismissed Allison's request for entry of default against the Wagstaffs stating that "[t]he request for default against the Wagstaffs is moot." The court also dismissed Allison's claim against the Simpsons without explanation.

   Allison initially raised the court's refusal to enter default against the Wagstaffs and dismissal of her action against the Simpsons as an issue in the present appeal. However, at oral argument Allison's counsel expressly abandoned this issue.

rights of way and easements ..., as an adjoining lot owner, have been impaired by the actions of the City of Coeur d'Alene in adopting Ordinance Number 2742, and said Ordinance is therefore in violation of Idaho Code 50–311, and should therefore be set aside and declared null and void and of no force and effect.

Despite the allegation that her rights have been impaired, Allison does not seek damages in this case, nor does she articulate the nature or source of her rights as an adjoining lot owner.[3] Essentially, Allison seeks a ruling that the city had no power under any circumstances to vacate this alley because she is a nearby lot owner and her use of the alley would be impaired. The district court did not reach the merits of Allison's claim because it ruled that Allison's suit was precluded by *Bopp.* Allison argues that *Bopp* is inconsistent with the language of I.C. § 50–311. She also argues that *Bopp* and the cases upon which it is based are antiquated and should be overruled.

We hold that the district court properly granted summary judgment in this case pursuant to our opinion in *Bopp.* We will not reconsider the rationale underlying *Bopp,* based on the facts of this case, because Allison's attempt to invalidate the vacation ordinance is based upon a misinterpretation of § 50–311.

■ The sole basis for Allison's challenge to the vacation ordinance is her interpretation of § 50–311 as a substantive limitation on the power of the city to vacate the alley. This is an unreasonable interpretation. I.C. § 50–311 provides that "[c]ities are empowered to: ... annul, vacate or discontinue [any street, avenue, alley or lane] whenever deemed expedient for the public good." If the city's action adversely affects private property, § 50–311 grants the city the power to "take private property for such purposes when deemed necessary ...; provided, however, that in all cases the city shall make adequate compensation therefor to the person or persons whose property shall be taken or injured thereby." The statute continues

Provided further that whenever any street, avenue, alley or lane shall be vacated, the same shall revert to the owner of the adjacent real estate, one-half(½) on each side thereof, or as the city council deems in the best interest of the adjoining properties, *but the right of way, easements and franchise rights of any lot owner or public utility shall not be impaired thereby.*

I.C. § 50–311 (emphasis added). Allison relies upon the emphasized language to argue that the city cannot vacate a public right-of-way if any lot owner's rights will be impaired. However, this language merely indicates that reversion of ownership to adjacent landowners does not affect the rights of those who hold existing rights-of-way or easements independent of the public right-of-way that has been vacated. This is not a substantive limitation on the *power* of the city to vacate, but a practical and necessary limitation on the consequences of the vacation of a public right-of-way. As the first part of § 50–311 makes clear, the city has the power to vacate streets even where private property rights are impaired, or even taken, provided that it follows the proper procedures, makes the required findings, and makes adequate compensation. A lot owner whose property has been taken may seek compensation or challenge the city's procedures or findings, but may not challenge the validity of the city's action solely because his or her rights have been impaired.

If Allison has an easement or other property interest in the property underlying the vacated alley, that interest is not affected by city's decision to vacate the alley. The vacating ordinance in this case explicitly provided "[t]hat the existing rights-of-way, easements, and franchise rights of any lot owners, public utility, or the city of Coeur d'Alene shall not be impaired by this vacation, as provided by law, and that the adjoining property owners shall in no manner pave or place any obstruction over any public utilities." Section 50–311 provides that although ownership of the land reverts to the adjoining lot owners, existing right-of-way, easement, and franchise

---

**3.** Allison still has access to her property from both the alley and Lakeshore drive. Consequently, this case does not implicate any issues regarding Allison's right to access her property. *See Brown v. City of Twin Falls,* 124 Idaho 39, 855 P.2d 876 (1993).

rights are not impaired by the reversion. An attempt by Allison to assert or protect such a property right would not be subject to the restrictions imposed by *Bopp*.

## CONCLUSION

The summary judgment dismissing Allison's claim against the city is affirmed. Costs to respondent. No attorney fees are awarded.

Chief Justice TROUT, and Justices SILAK, SCHROEDER, and KIDWELL, concur.